FILED
2019 Sep-23  AM 11:27
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ALABAMA TUSCALOOSA DIVISION

| | |
|---|---|
| **ESURANCE PROPERTY & CASUALTY INSURANCE COMPANY,** ) ) ) **Plaintiff** ) ) v. ) ) **DALE LOCKE,** ) **AIR EVAC EMS, INC.,** ) **NORTHSTAR EMS, INC.,** ) **NORTH MISSISSIPPI MEDICAL CENTER, INC.** ) **RELIAS EMERGENCY MEDICINE SPECIALISTS OF FAYETTE, LLC,** ) **SURGERY ASSOCIATES, P.A.** ) **BLUECROSS BLUE SHIELD OF ALABAMA,** ) **MEDPAY ASSURANCE, LLC, and** ) **THE UNITED STATES AND ITS AGENCY, THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,** ) ) **Defendants** ) | **CIVIL ACTION NO.:** |

## COMPLAINT IN INTERPLEADER

**NOW INTO COURT**, through undersigned counsel, comes Plaintiff, Esurance Property & Casualty Insurance Company, which respectfully submits the following Complaint in Interpleader, as follows:

1

I. **Parties**

1. Plaintiff, Esurance Property & Casualty Insurance Company ("Esurance"), is a Wisconsin corporation with its principal place of business in San Francisco, California.

2. Defendant, Dale Locke, is an adult resident of Fayette County, Alabama, who may be served with process at 8759 Highway 18E, Bankston, AL 35542.

3. Defendant, Air Evac EMS, Inc. ("Air Evac"), is a Missouri corporation with its principal place of business located at 1488 W. 8th Street, West Plains, MO 65775.  Upon information and belief, Defendant, Air Evac, has as its designated agent for service of process, Corporation Service Company, Inc., 641 South Lawrence Street, Montgomery, AL 36104.

4. Defendant, NorthStar EMS, Inc. ("NorthStar EMS"), is an Alabama corporation, which has its principal place of business located at 2016 7th Avenue, Tuscaloosa, AL 35401.  Upon information and belief, Defendant, NorthStar EMS, has as its designated agent for service of process, Jimmie E. Smelley, 2016 7th Avenue, Tuscaloosa, AL 35401.

5. Defendant, North Mississippi Medical Center, Inc. ("North Mississippi Med. Ctr.), is a Mississippi non-profit corporation, which has its principal place of business located at 830 South Gloster Street, Tupelo, MS 38801.

Upon information and belief, Defendant, North Mississippi Med. Ctr., has as its designated agent for service of process, Michael S. Spees, Chief Executive Officer, 830 South Gloster Street, Tupelo, MS 38801.

6.     Defendant, Relias Emergency Medicine Specialists of Fayette, LLC ("Relias Emergency Medicine"), is a Mississippi limited liability company, which has its principal place of business located at 201 W. Main Street, Suite 200, Tupelo, MS 38804.  Upon information and belief, Defendant, Relias Emergency Medicine, has as its designated agent for service of process, C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, AL 36104.

7.     Defendant, Surgery Associates, P.A. ("Surgery Assoc."), is a Mississippi corporation, which has its principal place of business located at 440 Pegram, Tupelo, MS 38801.  Upon information and belief, Defendant, Surgery Assoc., has as its designated agent for service of process, David Upchurch, 141 S. Commerce Street, Suite B, Tupelo, MS 38804.

8.     Defendant, BlueCross Blue Shield of Alabama ("BCBS Alabama"), is a domestic insurer, which has its principal place of business located at 450 Riverchase Parkway East, Birmingham, AL 35244.  Upon information and belief, Defendant, BCBS Alabama, may be served with process at 450 Riverchase Parkway East, Birmingham, AL 35244.

9. Defendant, MedPay Assurance, LLC ("MedPay"), is a Mississippi limited liability company, which has its principal place of business located at 602 East Waldron Street, Corinth, MS 38834.  Upon information and belief, Defendant, MedPay, has as its designated agent for service of process, C T Corporation System, 2 North Jackson Street, Suite 605, Montgomery, Alabama 36104.

10. Defendant, United States and its Agency, Department of Health and Human Services, The Centers for Medicare and Medicaid Services ("Medicare"), may be served with process upon Civil Process Clerk, United States Attorney's Office, 1801 4th Avenue North, Birmingham, AL 35203 and upon General Counsel, Department of Health and Human Services, 200 Independence Avenue, S.W., Washington, D.C. 20201.

## II. Jurisdiction and Venue

11. Plaintiff invokes the jurisdiction of this Honorable Court pursuant to the provisions of 28 U.S.C.A. §1331 because of the involvement of Defendant Medicare, which is an agency of the United States of America.

12. Plaintiff also invokes the jurisdiction of this Honorable Court pursuant to the provisions of 28 U.S.C.A. §1335 because the stake at issue is greater than $500 and there is diversity of citizenship between at least two claimants – Dale Locke, NorthStar EMS, and BCBS Alabama, who is a citizen or which are citizens of the state of Alabama; Air Evac, which is a citizen of the state

4

of Missouri; Relias Emergency Medicine, Surgery Assoc., North Mississippi Med. Ctr., and MedPay, which are all citizens of the state of Mississippi; and Medicare, which is an agency of the United States of America.

13. Venue is appropriate in the United States District Court for the Northern District of Alabama, Tuscaloosa Division, pursuant to the provisions of 28 U.S.C.A. §1397, because claimant, Dale Locke, resides in Fayette County, Alabama and the principal place of business of claimant, NorthStar EMS, is located in Tuscaloosa County, Alabama.

14. Venue is also appropriate in the United States District Court for the Northern District of Alabama, Tuscaloosa Division, pursuant to the provisions of 28 U.S.C.A. §1391(b)(2), because the motor vehicle accident giving rise to the claims at issue in this Complaint for Interpleader occurred in Fayette County, Alabama.

### III. Factual Allegations

15. On or about May 3, 2018, Patsy West Young was allegedly involved in a motor vehicle accident in Fayette County, Alabama with Dale Locke. Attached as Exhibit A is the *Alabama Uniform Traffic Crash Report* prepared in connection with the motor vehicle accident, with redactions for protections of privacy interests.

16. Dale Locke allegedly sustained personal injuries as a result of the motor vehicle accident which occurred on May 3, 2018 in Fayette County, Alabama.

17. Upon information and belief, Dale Locke allegedly underwent medical treatment and incurred expenses for said medical treatment.

18. Upon information and belief, medical liens and/or subrogation claims exist in favor of the medical providers for the medical expenses, as follows:

19. Upon information and belief, Dale Locke underwent medical treatment at and incurred medical expenses with North Mississippi Med. Ctr.

20. Upon information and belief, Dale Locke underwent medical treatment with and incurred medical expenses with Relias Emergency Medicine.

21. Upon information and belief, Dale Locke underwent medical treatment with and incurred medical expenses with Surgery Assoc.

22. Upon information and belief, Dale Locke received air ambulance services from and incurred ambulance service expenses with Air Evac.

23. Upon information and belief, Dale Locke received ground ambulance services from and incurred ambulance service expenses with NorthStar EMS.

24. The amount of the claims of Defendants, North Mississippi Med. Ctr., Relias Emergency Medicine, and Surgery Assoc., relative to medical expenses incurred by Dale Locke, and the amount of the claims of Defendants, Air Evac and

NorthStar EMS relative to ambulance expenses incurred by Dale Locke, are unknown with certainty at this time.

26. Upon information and belief, Defendant, BCBS Alabama, paid medical expenses on behalf of Dale Locke.

26. Upon information and belief, Defendant, MedPay, paid medical expenses on behalf of Dale Locke.

27. Upon information and belief, Defendant, Medicare, paid medical expenses on behalf of Dale Locke.

28. The amount of the claims of BCBS Alabama and MedPay, and the amount of the lien of Defendant, Medicare, relative to medical expenses and ambulance expenses paid on behalf of Dale Locke, are unknown with certainty at this time.

29. Upon information and belief, Defendant, North Mississippi Med. Ctr., has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

30. Upon information and belief, Defendant, Relias Emergency Medicine, has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

31. Upon information and belief, Defendant, Surgery Assoc., has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

32. Upon information and belief, Defendant, Air Evac, has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

33. Upon information and belief, Defendant, NorthStar EMS, has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

34. Upon information and belief, Defendant, BCBS Alabama, has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

35. Upon information and belief, Defendant, MedPay, has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

36. Upon information and belief, Defendant, Medicare, has a claim and/or lien against any monetary settlement or judgment which may result from the accident.

37. At the time of the accident, Patsy West Young, the party allegedly at fault, had liability insurance limits of $25,000.00 per person/$50,000.00 per

accident available through a policy written by Plaintiff, Esurance. See Policy Declarations Page for Esurance Policy PAAL-007467566, (the "**Policy**"), attached as Exhibit B, with redactions for protection of privacy interests.

38. The existence of the claims of Dale Locke, the medical liens and/or claims, the ambulance liens and/or claims, BCBS Alabama's lien and/or claim, MedPay's lien and/or claim, and Medicare's lien and/or claim potentially subject Plaintiff, Esurance, to multiple and competing claims regarding the policy limits on the **Policy**.

### IV. Demand for Relief

39. For the above reasons, and by this Complaint for Interpleader, Plaintiff, Esurance, tenders $25,000.00, which represents the liability coverage limits of $25,000.00 per person/$50,000.00 per accident, into the registry of this Honorable Court for a final and binding determination of the party(ies) entitled to the insurance proceeds.

40. Due to the competing claims and potential interests maintained by the various individuals and entities names in this action, proper distribution of the $25,000.00, which represents the full liability coverage limits of $25,000.00 per person/$50,000.00 per accident under the subject **Policy**, is required through this cause, pursuant to 28 U.S.C. §1335, so that Plaintiff, Esurance, will not be

subjected to the potential for multiple liability as a result of any lien or claim, subrogation or otherwise.

41. Plaintiff, Esurance, has joined all known individuals and entities to this action which it believes could potentially assert an interest in the subject proceeds or who have already made claims to the proceeds of the **Policy**. In the event there are any others claiming an interest, Plaintiff, Esurance, requests that any and all other persons who or entities which may be entitled to share in the benefits also be joined for a complete adjudication and distribution of the proceeds herein. Plaintiff, Esurance, makes no claim to the proceeds and is therefore entitled to dismissal with prejudice upon tender of the proceeds into the registry of the Court.

42. Furthermore, Esurance respectfully represents that pursuant to 28 U.S.C. §2361, Defendants are enjoined from instituting suit or prosecuting suit in any State or Federal Court relative to the **Policy** proceeds;

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Esurance, respectfully requests this Honorable Court enter Judgment:

(a) Requiring the Defendants to litigate their claims between themselves for the **Policy** proceeds;

(b) Pursuant to 28 U.S.C. §2361, enjoining the Defendants from instituting suit or prosecuting suit in any State or Federal Court relative to the **Policy** proceeds;

(c) Requiring that the Defendants settle and adjust between themselves, or upon their failure to so do, this Honorable Court settle and adjust the claims to determine to whom the **Policy** proceeds should be paid;

(d) Permitting Plaintiff, Esurance, to deposit the amount of the full **Policy** proceeds into the registry of this Honorable Court;

(e) Discharging Plaintiff, Esurance, from any and all further liability to the Defendants that relate in any way to the relevant insurance policy (**Policy**) and/or liability coverage limits upon payment of the liability coverage limits into the registry of this Honorable Court;

(f) It has been necessary for Esurance to employ its undersigned attorneys to prepare and file this Complaint for Interpleader and Esurance has obligated itself to pay said attorneys a reasonable fee for their services. Esurance has also incurred court filing fees for the filing of its Complaint in Interpleader.  Thus, Esurance respectfully claims a reasonable sum or sums for attorneys' fees and disbursements, including court filing fees, payable out of the funds deposited with this Honorable Court; and

(g) Awarding Plaintiff, Esurance, any other and further relief which this Honorable Court deems just and proper.

          Respectfully Submitted,

BY:   */s/ Colin D. Sherman*
        Colin D. Sherman (SHERC3110)
        *Attorneys for Plaintiff,*
        *Esurance Property & Casualty*
        *Insurance Company*

OF COUNSEL:

**SHERMAN & LACEY, LLP**
Post Office Box 3062
Mobile, Alabama 36652-3062
Tel.:   (251) 930-5415
Fax:   (251) 252-7794
csherman@shermanlaceylaw.com

PLEASE SERVE:

**DALE LOCKE**
**8759 Highway 18E**
**Bankston, AL 35542**

**AIR EVAC EMS, INC.**
**Through its Agent for Service of Process:**
**Corporation Service Company, Inc.**
**641 South Lawrence Street**
**Montgomery, AL  36104**

**NORTHSTAR EMS, INC.**
**Through its Agent for Service of Process:**
**Jimmie E. Smelley**
**2106 7th Avenue**
**Tuscaloosa, AL 35401**

**NORTH MISSISSIPPI MEDICAL CENTER, INC.**
**Through its Chief Executive Officer:**
**Michael S. Spees**
**830 South Gloster Street**
**Tupelo, MS 38801**

**RELIAS EMERGENCY MEDICINE SPECIALISTS OF FAYETTE, LLC**
**Through its Agent for Service of Process:**
**C T Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

**SURGERY ASSOCIATES, P.A.**
**Through its Agent for Service of Process:**
**David Upchurch**
**141 S. Commerce Street, Suite B**
**Tupelo, MS 38804**

**BLUE CROSS BLUE SHIELD OF ALABAMA**
**450 Riverchase Parkway East**
**Birmingham, AL 35244**

**MED PAY ASSURANCE, LLC**
**Through its Agent for Service of Process:**
**C T Corporation System**
**2 North Jackson Street, Suite 605**
**Montgomery, AL 36104**

**UNITED STATES AND ITS AGENCY, THE DEPARTMENT OF HEALTH AND HUMAN SERVICES, THE CENTERS FOR MEDICARE AND MEDICAID SERVICES,**
**Through:**
**Civil Process Clerk**
**United States Attorney's Office**
**1801 4th Avenue North**
**Birmingham, AL 35203**

**&**

**General Counsel**
**Department of Health and Human Services**
**200 Independence Avenue, S.W.**
**Washington, D.C. 20201**